**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SANTOS MARTINEZ RAMOS
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

JUSTIN'S CAFE, LLC
d/b/a JUSTIN'S CAFE
1025 First Street SE
Washington, DC 20003

JUSTIN ROSS
287 President Street
Charleston, SC 29403

ALLISON KAYS
1011 1st Street SE, Apt. 818
Washington, DC 20003

    Defendants.

Civil Action No. _____

## **COMPLAINT**

1.      While Plaintiff worked at Defendants' sports bar as a kitchen hand, Defendants did not pay him overtime wages. Instead, Defendants paid Plaintiff his regular hourly rate across all hours worked, including overtime hours. Moreover, Defendants failed to pay Plaintiff for his final 2 months of work.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C.

Code, § 32-1001 *et seq*., and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Santos Martinez Ramos is an adult resident of the District of Columbia.

6. Defendant Justin's Cafe, LLC is a District of Columbia corporate entity. It does business as Justin's Cafe. Its principal place of business is located at 1025 First Street SE, Washington, DC 20003. Its registered agent for service of process is Justin Ross, 1025 First Street SE, Washington, DC 20003.

7. Defendant Justin Ross is an adult resident of South Carolina. He resides at 287 President Street, Charleston, South Carolina 29403. He is an owner and officer of Defendant Justin's Cafe, LLC. He exercised control over the operations of Justin's Cafe, LLC — including its pay practices.

8. Defendant Allison Kays is an adult resident of the District of Columbia. She resides at 1011 1st Street SE, Apt. 818, Washington, DC 20003. She exercised control over the operations of Justin's Cafe, LLC — including its pay practices.

## Factual Allegations

9. Defendants owned and operated Justin's Cafe, a sports bar located at 1025 First Street SE, Washington, DC 20003.

10. Justin's Cafe abruptly closed on approximately October 24, 2018.

11.     Plaintiff worked at Justin's Cafe from approximately 2013 through approximately October 24, 2018.

12.     Plaintiff worked at Justin's Cafe as a kitchen hand.

13.     Plaintiff's job duties at Justin's Cafe primarily consisted of washing dishes, peeling potatoes, cutting vegetables, and preparing food.

14.     Plaintiff typically and customarily worked 45.0–56.0 hours per week.

15.     At all relevant times, Defendants paid Plaintiff by the hour.

16.     During the three prior to the filing of this complaint, Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Dec. 20, 2015–Apr. 30, 2016 | $11.00 |
| May 01, 2016–Aug. 20, 2016 | $12.00 |
| Aug. 21, 2016–Apr. 15, 2017 | $13.00 |
| Apr. 16, 2017–Oct. 24, 2018 | $16.00 |

17.     At all relevant times, Defendants paid Plaintiff by check.

18.     Plaintiff typically and customarily worked more than 40 hours per workweek for Defendants.

19.     Defendants paid Plaintiff the same regular hourly rate across all hours worked, including overtime hours.

20.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

21.     For example, during the two-week pay period of March 6–19, 2016, Plaintiff worked 112.85 hours. Defendants paid him $11.00 across all hours worked, including overtime hours. Defendants provided him with the following paystub:

3

| FOLD AND REMOVE | | | | | | FOLD AND REMOVE |
|---|---|---|---|---|---|---|
| **PERSONAL AND CHECK INFORMATION**<br>Santos M Ramos<br>3332 Georgia Ave<br>Washington, DC 20010<br><br>Soc Sec #: xxx-xx-xxxx  Employee ID: 29 | **EARNINGS** | DESCRIPTION<br>Hourly<br>Total Hours<br>Gross Earnings<br>Total Hrs Worked | HRS/UNITS<br>112.85<br>112.85<br><br>112.85 | RATE<br>11.0000 | THIS PERIOD ($)<br>1241.35<br><br>1241.35 | YTD HOURS<br>599.62<br>599.62 | YTD ($)<br>6595.82<br><br>6595.82 |
| Pay Period: 03/06/16 to 03/19/16<br>Check Date: 03/25/16   Check #: 10672<br>**NET PAY ALLOCATIONS** | **WITHHOLDINGS** | DESCRIPTION<br>Social Security<br>Medicare<br>Fed Income Tax<br>DC Income Tax | FILING STATUS<br><br><br>S 3<br>S 3 | | THIS PERIOD ($)<br>76.96<br>18.00<br>85.29<br>54.50 | | YTD ($)<br>408.94<br>95.64<br>383.89<br>275.86 |
| DESCRIPTION   THIS PERIOD ($)   YTD ($)<br>Check Amount   1006.60   5431.49<br>NET PAY   1006.60   5431.49 | | TOTAL | | | 234.75 | | 1164.33 |

22. Moreover, Defendants did not pay Plaintiff his regular promised wage for some of his time worked.

23. Defendants tendered Plaintiff multiple paychecks that bounced.

24. Due to the bounced checks, Defendants did not pay Plaintiff for his work from September 7, 2018 through October 13, 2018.

25. Furthermore, Defendants never tendered any pay to Plaintiff for his work from October 14, 2018 through October 24, 2018.

26. Defendants owe Plaintiff approximately $9,000.00 in unpaid wages from September 7, 2018 through October 24, 2018.

27. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $15,249.84 in regular and overtime wages (excluding liquidated damages).

28. Defendant Justin Ross hired Plaintiff to work at Justin's Cafe.

29. Defendant Justin Ross set Plaintiff's initial hourly rate.

30. Defendant Justin Ross periodically raised Plaintiff's hourly rate.

31. Defendants Justin Ross and Allison Kays set and Plaintiff's work schedule.

32. At different times, Defendants Justin Ross and Allison Kays signed Plaintiff's checks.

4

33. Defendant Allison Kays signed Plaintiff's paychecks that bounced.

34. At different times, Defendants Justin Ross and Allison Kays tendered Plaintiff his pay.

35. Defendant Justin Ross personally decided to close Justin's Cafe.

36. At all relevant times, Defendants had the power to hire and fire Plaintiff.

37. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

38. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

39. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

41. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

42. At all relevant times, the annual gross volume of Justin's Cafe, LLC's business exceeded $500,000.00.

43. At all relevant times, Justin's Cafe, LLC had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

44. At all relevant times, Justin's Cafe, LLC had two or more employees who handled food products, such as potatoes, beef, and chicken, that had been grown and raised outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

47. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

48. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rates for hours worked in excess of 40 hours in any one workweek.

49. Defendants' violations of the FLSA were willful.

50. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

53. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

54. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

55. Defendants' violations of the DCMWA were willful.

56. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated

damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

### COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

59. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

60. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

61. For purposes of the DCWPCL, "wages" include, among other things, regular, and overtime wages. D.C Code § 32-1301(3).

62. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular and overtime wages.

63. Defendants' violations of the DCWPCL were willful.

64. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**66,904.86** and grant the following relief:

a. Award Plaintiff $60,999.36, consisting of the following overlapping elements:

   i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii. unpaid regular and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,505.50);

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: January 3, 2019 Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*